IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST Roger G.
SCHNITZLER, Attorney at Law.

Supreme Court

*No. 86–1371–D. Filed September 23, 1987.*

(Also reported in 412 N.W.2d 124.)

PER CURIAM. *Attorney disciplinary proceeding;
attorney's license suspended.*

The referee recommended that the license of
Roger G. Schnitzler to practice law in Wisconsin be
suspended for 30 days as discipline for his failure to

timely file a state income tax return for calendar year 1980. The referee's recommendation was based on the fact that prior to the commencement of this proceeding Attorney Schnitzler was twice privately reprimanded and once publicly reprimanded for unprofessional conduct. While the court agrees that a license suspension is appropriate discipline under the circumstances, 30 days is not sufficient time for Attorney Schnitzler to effectively give notice to his clients and the courts in which he has pending matters of the fact of his suspension and otherwise comply with the requirements we impose on an attorney whose license is suspended. We determine that the minimum period for which an attorney's license will be suspended as discipline for misconduct is 60 days. Recognizing that the referee's intention in this proceeding was to recommend the minimum period of suspension, we suspend Attorney Schnitzler's license for 60 days.

Attorney Schnitzler was admitted to practice law in Wisconsin in 1966 and practices in Madison. In 1980 he was privately reprimanded by the Board of Attorneys Professional Responsibility (Board) for his failure to timely respond to Board inquiries into a client grievance; in 1982 the Board privately reprimanded him for again failing to timely respond to Board inquiries concerning a client grievance and for failing to perform services in a client's divorce and bankruptcy matters for which he had been retained; in 1985 he consented to a public reprimand from the Board for failing to provide a client with an accounting and with client records in a bankruptcy matter, despite the client's repeated requests, for failing to execute a consent to substitution of counsel at his client's request and for failing to advise his client of a notice of deposition of the client. The referee in this proceeding is Attorney James E. Doyle, Jr.

In January, 1986 Attorney Schnitzler was convicted in Dane county circuit court of one count of willful failure to timely file a state income tax return for calendar 1980. The court withheld sentence and placed Attorney Schnitzler on two years' probation and required him to pay a fine of $600 and timely file future state income tax returns.

The referee concluded that this conduct violated a standard established by court decision and thereby violated SCR 21.05(5). The referee noted that discipline previously imposed on Attorney Schnitzler was for conduct related to his failure to file income tax returns, that is, the misconduct involved his failure to meet legal obligations in a timely manner. The referee concluded that a period of license suspension is necessary to protect the public and to serve as a deterrent to like conduct by other attorneys. It was noted that Attorney Schnitzler's failure to timely file his income tax return occurred prior to the imposition of the public reprimand; had it been after that reprimand, the referee said, he would have considered recommending more severe discipline.

■

After considering the referee's recommendation, the court directed the parties to file briefs on the question of the appropriateness of the recommended discipline, stating that we considered a period of 30 days insufficient time to permit the attorney to give notice of the license suspension to courts and clients and that we had determined that the minimum period for which an attorney's license will be suspended as discipline for misconduct is 60 days. Attorney Schnitzler did not file a brief or otherwise respond to the court's order; the Board filed a brief in which it argued that Attorney Schnitzler's misconduct warrants the imposition of a 90-day license suspension.

In determining what should constitute the minimum period of a disciplinary license suspension we considered the requirements we impose in connection with a license suspension. An attorney whose license is suspended must notify all clients being represented in pending matters of the suspension and the attorney's consequent inability to act in those matters, advise clients to seek legal advice elsewhere, notify courts or administrative agencies and attorneys for opposing parties in pending matters of the suspension and arrange for the temporary closing of the attorney's practice. SCR 22.26. That rule further provides for publication of a notice of the suspension in the *Wisconsin Bar Bulletin* and in a newspaper in each county in which the suspended attorney maintains a professional office and notification of all judges in the state of the suspension order.

A 30-day period is not sufficient time for these required notices and advice to be effective. Moreover, a 30-day suspension does not adequately serve the purpose of lawyer discipline. The American Bar Association Standards for Imposing Lawyer Sanctions, adopted in February, 1986, provide that a license suspension should be for a minimum period of 6 months. A commentary to those Standards states, in part:

> "... [S]hort-term suspensions with automatic reinstatement are not an effective means of protecting the public. ... When shorter suspensions are imposed, lawyers can merely delay performing the requested services. If the lawyer eventually completes the work for the client and receives a fee, the suspension has only served to inconvenience the client."

We conclude that a minimum 60-day period of suspension serves the needs of the public and the legal system when a lawyer's license is suspended for disciplinary reasons. Of course, the length of the license suspension imposed in each case will depend on the seriousness of the lawyer's misconduct and whatever mitigating or aggravating factors are present.

We adopt the referee's findings of fact and conclusions of law in this matter, and we modify the recommendation for discipline for the reasons set forth above.

IT IS ORDERED that the license of Roger G. Schnitzler to practice law in Wisconsin is suspended for a period of 60 days, commencing November 1, 1987.

IT IS FURTHER ORDERED that within 60 days of the date of this order Roger G. Schnitzler pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing of his inability to pay the costs within that time, the license of Roger G. Schnitzler to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Roger G. Schnitzler comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.