# IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Helen Zoellner KELLY, Attorney at Law.

Supreme Court

*No. 87–0182–D. Submitted on briefs March 2, 1988.—Decided April 11, 1988.*

(Also reported in 422 N.W.2d 110.)

PER CURIAM.  *Attorney disciplinary proceeding; attorney's license suspended.*

For the Board of Attorneys Professional Responsibility there was a brief by *Allen T. Trapp, S.C.*

For the respondent, Helen Zoellner Kelly, there were briefs by *Donald J. Harman.*

This is an appeal from the referee's conclusions that Attorney Helen Zoellner Kelly participated in the creation of false evidence and knowingly used that evidence in a court proceeding and thereby engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in connection with her having acknowledged the execution of a bill of sale, setting forth in that bill of sale and acknowledgment a date other than the date on which the document was executed and the acknowledgment made. The referee recommended that Attorney Kelly's license to practice law be suspended for 30 days as discipline for this misconduct.

We determine that the referee's conclusions were properly drawn on the basis of the facts in the record and we adopt those conclusions. We further determine that a 60–day suspension of Attorney Kelly's license to practice law is appropriate discipline for her having used her position as attorney acknowledging the signature of a client on a bill of sale to misrepresent the date of the document's execution in an attempt to prevent her client from being charged with a criminal violation and then presenting the document as evidence in the subsequent criminal proceeding. Hers was a deliberate attempt to mislead the legal system— the police, the prosecution and the court—in the prosecution of her client.

Attorney Kelly was admitted to practice law in Wisconsin in 1980 and practices in LaCrosse. She has not previously been the object of attorney discipline.

The referee in this proceeding is Attorney Norman C. Anderson.

The facts are not disputed. In June, 1982 Attorney Kelly represented James Allen Olson, who had a prior felony conviction. Mr. Olson owned seven firearms, which he kept in the residence he occupied with a woman, Terry Crary. On or about December 1, 1982, Mr. Olson orally agreed to transfer ownership of the firearms to Ms. Crary so he would not be chargeable with possession of firearms by a felon, itself a felony. He had previously discussed the matter of his possession of firearms with Attorney Kelly in the summer of 1982 after an assistant district attorney had advised Attorney Kelly that if Mr. Olson had firearms in his possession he should dispose of them because of his prior felony conviction.

On or about December 1, 1982, Mr. Olson asked Attorney Kelly to draft a bill of sale for the firearms, and she told him she needed their description and serial numbers. On January 24, 1983, the district attorney for Trempealeau county charged Mr. Olson with being a felon in possession of firearms, and Attorney Kelly represented him in that action, negotiating a reduction of the charge to a misdemeanor, to which Mr. Olson pleaded guilty.

On May 23, 1983, LaCrosse county authorities executed a search warrant against Mr. Olson and, after seizing firearms, charged him with being a felon in possession of firearms. Two or three days later, Attorney Kelly met at her office with Mr. Olson and Ms. Crary and there prepared a bill of sale purporting to transfer ownership of seven specified firearms from Mr. Olson to Ms. Crary. That bill of sale recited that Mr. Olson signed it December 1, 1982. On the back of

the bill of sale the following words appeared, together with the signature of Attorney Kelly:

> "Personally came before me this 1st day of December, A.D. 1982, the above named James Olson to me known to be the person who executed the foregoing instrument and acknowledged the same.
> /s/ Helen Zoellner Kelly
> Helen Zoellner Kelly
> Notary Public, LaCrosse County, Wis."

It was stipulated that Attorney Kelly dated the acknowledgment December 1, 1982 "to lend credibility to and support the assertion that the ownership of the weapons had been transferred on or about December 1, 1982," the date of the oral agreement between Mr. Olson and Ms. Crary.

In a subsequent circuit court action against Mr. Olson, Attorney Kelly caused that bill of sale to be introduced into evidence. When the district attorney learned the bill of sale had actually been signed on May 25 or 26, 1983, he brought criminal charges against Attorney Kelly, charging her with presenting false evidence. Those charges were ultimately dismissed on motion of a special prosecutor after the court, considering a motion *in limine* in respect to a request for a jury instruction, determined that if the evidence supported it, the jury would be instructed that if it found the bill of sale accurately reflected a prior oral agreement between Mr. Olson and Ms. Crary, a judgment of acquittal would follow. However, the court withheld ruling on the motion *in limine* pending receipt of all the evidence in the case, whereupon the prosecutor moved to dismiss the

charges against Attorney Kelly, and the motion was granted.

On the basis of these facts, the referee concluded that by putting the December 1, 1982 date on the bill of sale and in the acknowledgment, Attorney Kelly participated in the creation of evidence she knew was false, in violation of SCR 20.04(4) and 20.36(1)(f)(1986), and knowingly used that false evidence in her client's criminal proceeding, in violation of SCR 20.36(1)(d)(1986).

Contesting the referee's conclusion that the bill of sale constituted false evidence, Attorney Kelly first argued that the circuit court's determination on the motion *in limine* in the criminal action against her, together with the voluntary dismissal of that action by the prosecutor, is *res judicata* on the issue. The court had found that the acknowledgment certified only that the document had in fact been executed by the person purporting to have signed it; consequently, the acknowledgment would not prevent the bill of sale from accurately representing a prior oral agreement for the transfer of the firearms. This "judicial finding," Attorney Kelly argued, concluded the issue whether the bill of sale constituted false evidence.

■

Attorney Kelly's reliance on the court's determination in the action against her is misplaced. First, as Attorney Kelly had conceded, the dismissal of criminal proceedings does not bar disciplinary action under the principle of *res judicata.* Second, there was no judicial decision on the false evidence issue; rather, the circuit court, responding to the motion *in limine,* withheld ruling until all the evidence in the case had been received. That motion was never decided, as the action was dismissed on motion of the prosecutor.

Attorney Kelly's second argument is that the backdated bill of sale, together with the acknowledgment, did not constitute false evidence because the purpose of an acknowledgment is merely to certify that the person whose name is signed on the document is known to the person signing the acknowledgment and is the person who acknowledged the document. Thus, she contended, the failure to insert a date or the insertion of an incorrect date does not affect the validity of an acknowledgment or the document to which it is attached.

Attorney Kelly further asserted that, had the discrepancy between the date appearing on the bill of sale and in the acknowledgment and the date on which the document was actually executed and acknowledged been discovered during the course of her client's criminal trial, the jury would have then learned of the prior oral transfer of the weapons and the court would have been obliged to do what it said it would have done in the criminal action against her: instruct the jury on the law that the effective date of the written contract could have been when the oral agreement had been made, rather than the date on which the contract was signed. Thus, she argued, the bill of sale, with the acknowledgment, would not have constituted false evidence in the criminal trial.

Those arguments are unpersuasive. Whether or not the bill of sale itself would have constituted false evidence in the client's criminal trial, Attorney Kelly prepared it after the authorities seized firearms in her client's possession and charged him with a crime. Moreover, the admitted purpose of the misrepresentations of the date on the bill of sale and acknowledgment was to mislead the authorities into believing that the client had signed a bill of sale transferring

the firearms more than five months before the firearms were seized and criminal charges filed. Further, Attorney Kelly should have expected the bill of sale to be presented as evidence in the criminal proceeding against her client.

We dismiss Attorney Kelly's third argument—that this disciplinary proceeding is unconstitutional as denying her equal protection because a notary public who was not also an attorney would not have been subject to disciplinary action for doing what she had done and because she had been "exonerated" in the criminal action—as it was raised for the first time in her reply brief in this appeal.

█

We adopt the referee's findings of fact and conclusions concerning Attorney Kelly's misconduct. We agree that this misconduct warrants the imposition of a minimum period of license suspension, which we have determined in a prior case to be for a period of 60 days, not the 30 days recommended by the referee here. *Disciplinary Proceedings Against Schnitzler,* 140 Wis. 2d 574, 412 N.W.2d 124 (1987). Attorney Kelly's attempt to mislead the legal system was serious, not because she was attempting to document a transfer that had not taken place, but because she attempted to bolster her client's position regarding a transfer of firearms by preparing a bill of sale in which she falsely stated that the client "appeared" before her and "acknowledged" that he had executed the document at a time well before he was criminally charged. A license suspension is necessary to impress upon Attorney Kelly her professional duties and responsibilities as an officer of the court and a component of our legal system, as well as to deter other attorneys from engaging in like misconduct.

IT IS ORDERED that the license of Helen Zoellner Kelly to practice law in Wisconsin is suspended for a period of 60 days, commencing May 16, 1988.

IT IS FURTHER ORDERED that within 60 days of the date of this order Helen Zoellner Kelly pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing of her inability to pay the costs within that time, the license of Helen Zoellner Kelly to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Helen Zoellner Kelly comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.