IN the MATTER OF DISCIPLINARY PROCEED-
INGS AGAINST Roger G. SCHNITZLER, Attorney
at Law.

Supreme Court

*No. 90-0876-D. Filed February 21, 1991.*

(Also reported in 465 N.W.2d 499.)

PER CURIAM. *Attorney disciplinary proceeding;
attorney's license revoked.*

We review the report of the referee recommending
that we revoke the license of Roger G. Schnitzler to
practice law in Wisconsin as discipline for professional
misconduct. That misconduct consisted of the following:
his failure to respond to a client's request for an account-
ing of funds in his possession, his failure to render a full

accounting of those funds upon the client's request and upon request of the Board of Attorneys Professional Responsibility in the course of its investigation of that client's grievance, his improper withdrawal of client funds in payment of fees to which he claimed to be entitled, his failure to refund to a client funds belonging to that client he had allegedly paid on the client's behalf, his failure to keep and preserve trust account records and produce them upon request of the Board, his depositing personal funds in his trust account and making disbursements from it to pay his personal obligations and his conversion of client funds by unauthorized withdrawal.

We determine that Attorney Schnitzler's professional misconduct warrants the revocation of his license to practice law. By withdrawing client funds from his trust account for his own use without authorization by the client, failing to turn over funds to a client entitled to them and converting client funds to his own use, Attorney Schnitzler placed his own pecuniary interests above the interests of the client he represented. In so doing, he violated his fundamental professional duty to his client. In light of prior discipline imposed on him for professional misconduct, Attorney Schnitzler has demonstrated that he is unfit to be licensed to represent others in our legal system.

Attorney Schnitzler was licensed to practice law in Wisconsin in 1966 and practices in Madison. In 1980 he was privately reprimanded by the Board for his failure to timely respond to its inquiries into a client grievance; in 1982 he was again privately reprimanded by the Board for failing to timely respond to its inquiries concerning a client grievance and for failing to perform services in a client's divorce and bankruptcy matters; in 1985 he consented to a public reprimand from the Board for failing

to provide a client with an accounting and with the client's records in a bankruptcy matter, for failing to execute a consent to substitution of counsel at his client's request and for failing to advise his client of a notice of deposition of the client; in 1987, the court suspended his license for 60 days as discipline for his having wilfully failed to timely file a state income tax return, for which he was convicted in circuit court, fined $600 and placed on two years' probation; *Disciplinary Proceedings Against Schnitzler,* 140 Wis. 2d 574, 412 N.W.2d 124 (1987). The referee is Attorney Charles S. VanSickle.

Following a disciplinary hearing, the referee made the following findings of fact regarding Attorney Schnitzler's handling of one client's matters. When his license was suspended, effective January 1, 1988, Attorney Schnitzler was contacted by clients regarding transfer of their files and for information concerning them. He replied to those inquiries but did not accept letters sent to him by certified mail, return receipt requested. Consequently, an inquiry from successor counsel of one of his client's, John Madden, whom he had represented in a tax matter, was never received or answered. After the client filed a grievance with the Board, Attorney Schnitzler turned over the client's files.

When this client demanded an accounting of funds he had given to Attorney Schnitzler for deposit into his trust account, Attorney Schnitzler did not provide an adequate accounting but instead gave the Board a statement of disbursements he had made from the trust account purportedly depleting all funds in it belonging to that client. The referee found this an inadequate response to the client because it did not provide a clear and concise statement of all income, including interest, all disbursements and dates and documentation as to all

transactions involving the client's funds in the trust account.

Although the amount of money the client had sent to Attorney Schnitzler for deposit in the trust account remained in dispute, the referee found that there was $25,000 in client funds for which Attorney Schnitzler owed an accounting, in addition to $10,000 to which he may have been entitled—$5,000 payment toward legal fees and a $5,000 personal loan from the client.

The $25,000 was held in the trust account as a condition imposed by the Internal Revenue Service in its consideration of a compromise of the client's tax matter. From it Attorney Schnitzler disbursed $500 in settlement of a personal injury claim and $3,100 to the IRS in payment of his client's taxes. Attorney Schnitzler also claimed to have disbursed $5,200 in settlement of a foreclosure matter, contending that the disbursement had been authorized orally by the client. He did not, however, produce documentation to verify that disbursement and, on the basis of the affidavit of counsel for the adverse party, the referee found that the foreclosure matter had been resolved by payment of approximately $12,000 from either the client himself or from one of his employees and from funds other than those in Attorney Schnitzler's trust account.

In regard to the remaining $16,200, Attorney Schnitzler contended that the client had authorized him to apply that amount toward payment of attorney fees he had earned. The client denied having given any such authorization. Although the referee was unable to determine the amount due Attorney Schnitzler for legal services, he found that Attorney Schnitzler withdrew as payment of fees $16,200 of the $25,000 the client had placed in the trust account to satisfy the requirement of

the IRS and that the withdrawal was not authorized by the client.

On August 26, 1985, Attorney Schnitzler deposited approximately $4,000 of his own funds into his trust account and on the same day wrote a check on that account in payment of his real estate taxes. Thereafter, he wrote a check on the account in the amount of $10,000 in payment of another personal obligation.

In addition to the foregoing, Attorney Schnitzler failed to keep proper trust account records concerning his business with this client. He also failed to comply with the Board's request to turn over to it records concerning receipt and disbursement of that client's funds.

On the basis of these facts, the referee concluded as follows: Attorney Schnitzler's failure to respond to his client's request for an accounting of funds constituted a failure to respond to a client's reasonable request for information, in violation of SCR 20:1.4;[1] his failure to render a full accounting to the client and to return to the client funds he claimed to have paid in settlement of the client's foreclosure matter violated SCR 20:1.15(b);[2] his

---

[1]SCR 20:1.4 provides:

**Communication.**
(a)   A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.
(b)   A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

[2]SCR 20:1.15 provides:

**Safekeeping property.**
. . .
(b)   Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall

failure to keep and preserve trust account records for this client and failure to produce them upon Board request violated SCR 20:1.15(e) and (f);[3] his commingling of personal funds with client funds in his trust account and disbursing those funds for his own purposes

promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall render a full accounting regarding such property.

[3]SCR 20:1.15 provides:

**Safekeeping property.**

. . .

(e) Complete records of trust account funds and other trust property shall be kept by the lawyer and shall be preserved for a period of at least six years after termination of the representation. Complete records shall include: (i) a cash receipts journal, listing the sources and date of each receipt, (ii) a disbursements journal, listing the date and payee of each disbursement, with all disbursements being paid by check, (iii) a subsidiary ledger containing a separate page for each person or company for whom funds have been received in trust, showing the date and amount of each receipt, the date and amount of each disbursement, and any unexpended balance, (iv) a monthly schedule of the subsidiary ledger, indicating the balance of each client's account at the end of each month, (v) a determination of the cash balance (checkbook balance) at the end of each month, taken from the cash receipts and cash disbursement journals and a reconciliation of the cash balance (checkbook balance) with the balance indicated in the bank statement, and (vi) monthly statements, including canceled checks, vouchers or share drafts, and duplicate deposit slips. A record of all property other than cash which is held in trust for clients or third persons, as required by paragraph (a) hereof, shall also be maintained. All trust account records shall be deemed to have public aspects as related to the lawyer's fitness to practice.

(f) Upon request of the Board of Attorneys Professional Responsibility, or upon direction of the Supreme Court, the records shall be submitted to the board for its inspection, audit, use and evidence under such conditions to protect the privilege of clients as the court may provide. The records, or an audit thereof, shall be produced at any disciplinary proceeding involving the attorney wherever material. Failure to produce the records shall constitute unprofessional conduct and grounds for disciplinary action.

violated SCR 20:1.15(a);[4] his unauthorized withdrawal of client funds in payment for legal services constituted conversion of client property, in violation of SCR 20:8.4 and 20:1.15(a).

We adopt the referee's findings of fact and conclusions of law and accept his recommendation that Attorney Schnitzler's license to practice law be revoked as discipline for his professional misconduct. In making that recommendation, the referee explicitly considered Attorney Schnitzler's prior discipline, specifically noting the public reprimand imposed in 1985 for his failure to provide a client with proper accounting and records in a bankruptcy proceeding despite the client's repeated requests..

[4]SCR 20:1.15 provides:

**Safekeeping property.**
(a) A lawyer shall hold in trust, separate from the lawyer's own property, property of clients or third persons that is in the lawyer's possession in connection with a representation. All funds of clients paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts as provided in paragraph (c) maintained in a bank, trust company, credit union or savings and loan association authorized to do business and located in Wisconsin, which account shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import, and no funds belonging to the lawyer or law firm except funds reasonably sufficient to pay account service charges may be deposited in such an account. Unless the client otherwise directs in writing, securities in bearer form shall be kept by the attorney in a safe deposit box in a bank, trust company, credit union or savings and loan association authorized to do business and located in Wisconsin, which safe deposit box shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import. Other property of a client or third person shall be identified as such and appropriately safeguarded. If a lawyer also licensed in another state is entrusted with funds or property in connection with an out-of-state representation this provision shall not supersede the trust account rules of such other state.

188

IT IS ORDERED that the license of Roger G. Schnitzler to practice law in Wisconsin is revoked, effective March 25, 1991.

IT IS FURTHER ORDERED that within 60 days of the date of this order Roger G. Schnitzler pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding.

IT IS FURTHER ORDERED that Roger G. Schnitzler comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

ABRAHAMSON, J., did not participate.