IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Michael B. SANDY, Attorney at Law.

Supreme Court

*No. 95–1584–D. Filed April 30, 1996.*

(Also reported in 546 N.W.2d 876.)

PER CURIAM. We review the recommendation of the referee that the license of Michael B. Sandy to practice law in Wisconsin be suspended for nine months as discipline for professional misconduct. That misconduct consisted of his attempt to represent a person in a matter adverse to a client he was representing in a criminal matter, gaining access to a minor's confidential children's court file without court authority by misrepresenting that he was the minor's attorney, misrepresenting to the court the source of his information regarding the minor's prior sexual assault allegations, failing to keep a client reasonably informed of the status of his case and refusing to take delivery of the client's certified letter, and using cocaine with a client. In addition to the license suspension, the referee recommended that Attorney Sandy be required to submit to random drug testing for a period of two years, with the results of those tests reported to the Board of Attorneys Professional Responsibility (Board).

We determine that the seriousness of the professional misconduct established in this proceeding warrants discipline more severe than that recommended by the referee. Attorney Sandy used cocaine on several occasions with a client he was representing in a criminal matter, and it was the client who supplied the illegal drug. That and his other misconduct, particularly his misrepresentations to a court regarding the source of information he had obtained by making misrepresentations to court personnel, warrant the suspension of his license for one year. In addition, it is appropriate to impose conditions directed to Attorney

530

Sandy's continued rehabilitation from alcoholism and drug abuse.

Attorney Sandy was admitted to the practice of law in Wisconsin in 1989 and practices in Oak Creek. He has not previously been the subject of a disciplinary proceeding. The referee in this proceeding, Attorney Stanley Hack, made the following findings of fact based on evidence presented at a disciplinary hearing.

In July of 1993, Attorney Sandy used cocaine with a client he had been appointed by the State Public Defender to represent on an arson charge. Following return of the jury verdict, Attorney Sandy and his client went to several places to drink and later used cocaine. Between the time of the verdict and the client's sentencing, they used cocaine together six times. In the disciplinary proceeding, Attorney Sandy testified that he had a history of alcohol abuse and cocaine use and that he practiced law and made court appearances under the influence of alcohol and cocaine, claiming that it assisted his work. The referee concluded that Attorney Sandy's use of cocaine constituted criminal acts reflecting adversely on his trustworthiness or fitness as a lawyer, in violation of SCR 20:8.4(b).[1]

During March and April of 1993, Attorney Sandy was appointed by the State Public Defender to represent a man charged with assaulting a minor female residing in a county group home where he was employed as a counselor and with providing her

---

[1] SCR 20:8.4 provides, in pertinent part:

**Misconduct**

It is professional misconduct for a lawyer to:

. . .

(b)   commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

cocaine. During the last day of trial in the matter, after he had cross-examined the minor, Attorney Sandy had a telephone conversation with her during which she asked about the possibility of bringing a civil action against the group home. When the client learned of that communication, he became angry and discharged Attorney Sandy.

After being discharged, Attorney Sandy made several telephone calls to the minor's home attempting to ascertain whether she was going to pursue a civil action against the group home, which would have involved his former client. Attorney Sandy met with the minor at her high school and they discussed a possible civil action, which Attorney Sandy said he would not handle but would refer to another attorney, for which he would receive a portion of the attorney fees. No agreement was made for the referral of the matter to another attorney, and the matter was not pursued. Attorney Sandy did not have permission from his former client to have those contacts with the minor about a possible civil action against the group home.

The referee concluded that Attorney Sandy's contacts with the minor during his client's criminal trial and thereafter in regard to a possible civil action that necessarily would have involved and been adverse to that client constituted an attempt to violate SCR 20:1.9(a), which prohibits a lawyer from "represent[ing] another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents in writing after consultation."

While representing the client in the sexual assault case, Attorney Sandy learned of information potentially helpful to his client's defense contained in the

minor's confidential children's court file that concerned prior false allegations the minor had made of having been sexually assaulted. Although aware the file was confidential and could not be inspected without a court order, Attorney Sandy got access to and examined that file without a proper order by misrepresenting to the clerk of the children's court that he was the minor's attorney.

After reviewing the confidential file, Attorney Sandy asked in pretrial motions for permission to introduce evidence of the minor's prior sexual assault allegations. When the prosecutor questioned how he could have knowledge of those matters without first having examined the confidential court file, Attorney Sandy told the court he had obtained the information from various sources but did not disclose that he had reviewed the confidential file.

The referee concluded that Attorney Sandy's gaining access to a confidential file in the children's court without an appropriate court order by misrepresenting that he was the minor's attorney constituted the making of a false statement, in violation of SCR 20:4.1,[2] 4.4[3] and 8.4(c),[4] and violated the minor's legal rights.

---

[2] SCR 20:4.1 provides:

**Truthfulness in statements to others**

In the course of representing a client a lawyer shall not knowingly:

(a) make a false statement of a material fact or law to a third person; or

(b) fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client, unless disclosure is prohibited by Rule 1.6.

[3] SCR 20:4.4 provides:

**Respect for rights of third persons**

In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or

The referee further concluded that his misrepresentation to the court regarding the source of information about the minor's prior sexual assault allegations violated SCR 20:3.3(a)(1)[5] as a false statement of fact made to a tribunal.

In another matter, in July, 1993, the State Public Defender appointed Attorney Sandy to provide appellate representation to a client. In the middle of August, 1993, Attorney Sandy wrote the client of his appointment and said he was awaiting transcripts and would meet with the client in October to discuss the case. Attorney Sandy's next communication to the client was by letter of February 19, 1994.

The client sent Attorney Sandy a certified letter the post office attempted to deliver on three dates from mid-February to early March, 1994, but Attorney Sandy did not pick up that letter. The client subsequently told Attorney Sandy that he had not received copies of material he had filed with the trial court. Attorney Sandy stated that he probably did not send copies of the material to the client "because that's time I could have used for a good client." At the time, Attorney Sandy was aware the client was seeking another

---

burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person.

[4] SCR 20:8.4 provides, in pertinent part:

**Misconduct**
It is professional misconduct for a lawyer to:
. . .
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

[5] SCR 20:3.3 provides, in pertinent part:

**Candor toward the tribunal**
(a)   A lawyer shall not knowingly:
(1)   make a false statement of fact or law to a tribunal;

attorney to represent him and had filed a grievance with the Board. After being dismissed as the client's attorney, Attorney Sandy asked the trial court to remove his pending postconviction motions from the trial court's calendar but did not tell the client he had done so. The referee concluded that Attorney Sandy's failure to keep his client reasonably informed of the status of the appeal and his failure to take delivery of the client's certified letter violated SCR 20:1.4(a).[6]

In recommending a nine-month license suspension as discipline for Attorney Sandy's misconduct in these matters, the referee considered in mitigation that Attorney Sandy voluntarily obtained treatment for his substance abuse, is part of an effective Alcoholics Anonymous program and "appears to be on the way to a recovery." Upon reviewing the referee's findings, conclusions and recommendation for discipline, the court ordered the parties to show cause why discipline more severe than the recommended nine-month license suspension should not be imposed.

In its response, the Board continued to urge a one-year license suspension and the imposition of conditions directed to Attorney Sandy's alcohol and drug rehabilitation in addition to those recommended by the referee. Specifically, the Board recommended that Attorney Sandy be required to continue attendance at Alcoholics Anonymous meetings at least three times per week during the period of license suspension, submit to monthly random drug and alcohol screenings at his own expense for a period of two years, and submit to

---

[6] SCR 20: 1.4 provides, in pertinent part:

**Communication**

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

the Board quarterly the results of those screenings and verification of his attendance at Alcoholics Anonymous meetings.

We adopt the referee's findings of fact and conclusions of law and determine that the nature and extent of Attorney Sandy's professional misconduct, its seriousness, and his need for continued rehabilitation from alcohol and substance abuse warrant a one-year license suspension and the imposition of the conditions recommended by the referee and by the Board.

IT IS ORDERED that the license of Attorney Michael B. Sandy to practice law in Wisconsin is suspended for a period of one year, commencing June 3, 1996.

IT IS FURTHER ORDERED that for a period of two years, commencing the date of this order, Michael B. Sandy comply with the conditions set forth in this opinion.

IT IS FURTHER ORDERED that within 60 days of the date of this order Michael B. Sandy pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Michael B. Sandy to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Michael B. Sandy comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.