In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST John A. BIRDSALL, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

John A. BIRDSALL, Respondent.

Supreme Court

*No. 03–0086–D. Decided November 23, 2004.*

2004 WI 143

(Also reported in 689 N.W.2d 46.)

¶ 1. PER CURIAM.    We review the recommendation of the referee that Attorney John A. Birdsall be publicly reprimanded for having committed two counts

of professional misconduct. As alleged in the complaint filed by the Office of Lawyer Regulation (OLR) in this court on January 10, 2003, Birdsall's misconduct included committing a criminal act that reflects adversely on Birdsall's honesty, trustworthiness or fitness as a lawyer, in violation of SCR 20:8.4(b)[1] and counseling a client to engage, or assisting a client, in conduct that Birdsall knew was criminal or fraudulent, in violation of SCR 20:1.2(d).[2]

¶ 2.   In addition to recommending that Birdsall be publicly reprimanded for these acts of professional misconduct, the referee also recommended that Birdsall be required to pay the costs of the disciplinary proceeding now totaling $19,540.82.

¶ 3.   We determine that the clear and convincing evidence presented to the referee established that Birdsall committed the two counts of professional misconduct as alleged in the OLR's complaint, and we agree with the referee's recommendation that Attorney Birdsall be publicly reprimanded for this misconduct. We also determine that Birdsall shall pay the costs of these proceedings as referenced above.

---

[1] SCR 20:8.4(b) provides: "It is professional misconduct for a lawyer to: (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

[2] SCR 20:1.2(d) provides:

(d) A lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows is criminal or fraudulent, but a lawyer may discuss the legal consequences of any proposed course of conduct with a client and may counsel or assist a client to make a good faith effort to determine the validity, scope, meaning or application of the law.

¶ 4.   Attorney John A. Birdsall was admitted to practice law in this state on June 20, 1989; his practice is limited to criminal defense litigation in both state and federal courts. His license was suspended in 1991 for nonpayment of dues but then reinstated upon payment.

¶ 5.   The complaint OLR filed in this court specifically alleged that Birdsall had represented N.A. who had been charged with various felonies arising from domestic abuse incidents involving N.A. and his estranged wife, D.A. D.A. reported to the police that N.A. had repeatedly choked her and hit her head against the steering wheel of her car and that N.A. had pointed a gun at her head and pulled the trigger but that the gun had not fired. As a result of his actions N.A. was charged with, among other crimes, one count of attempted first-degree intentional homicide.

¶ 6.   With Birdsall representing him, N.A. was released on a $10,000 cash bond in Brown county and a $1000 signature bond in Calumet county; both bonds specifically contained "no contact" provisions precluding any contact between N.A. and his estranged wife, D.A.

¶ 7.   The OLR complaint alleged that despite his knowledge of the no contact provisions, Birdsall arranged to meet with D.A. at a local restaurant and without her knowledge, Birdsall had arranged to have N.A. appear at the restaurant too. At that meeting, which Birdsall had surreptitiously videotaped and recorded, Birdsall encouraged D.A. to change or recant her statements to the police about N.A.'s actions. When D.A. informed Birdsall that the district attorney had advised her that she could not change her story because that would be perjury, Birdsall said:

Perjury is virtually never charged except under the most bizarre and dire circumstances. . . .

The most that I would see is him trying to conjure up some obstructing thing. Even that could be easily avoided, easily avoided. There is no reason in my view for any of this to reap repercussions on you. There's I don't know how many different cases I've seen where the quote unquote victim comes in and says, I made the whole thing up. . . .

¶ 8.   During the meeting in the restaurant, D.A. signed a statement written by the investigator who had accompanied Birdsall and had videotaped the meeting. In that statement, D.A. recanted her earlier report to the police that N.A. had pointed a gun at her and pulled the trigger. Later D.A. gave another statement to the sheriff and apparently recanted the written statement she had signed at the restaurant meeting.

¶ 9.   The OLR complaint further alleged that because of his involvement in this meeting between N.A. and D.A., Birdsall was subsequently disqualified and withdrew from further representation of N.A. N.A.'s successor counsel, however, was later allowed to show the videotape of that meeting to the jury and N.A. was acquitted on the attempted first-degree intentional homicide charge.

¶ 10.   N.A., however, was subsequently charged and convicted of felony bail jumping for violating the "no contact" provisions of his bail. He was sentenced to five years in prison.

¶ 11.   Birdsall also was subsequently charged with two counts of being a party to the crime of violating court orders contrary to Wis. Stat. § 940.48(1).[3] Those

---

[3] All subsequent references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise indicated.

charges were subsequently amended to allege that Birdsall had violated the court's orders, contrary to Wis. Stat. § 940.48(2) (i.e., contempt of court).[4]

¶ 12. After Birdsall filed his answer to the OLR complaint, Attorney Lance Grady was appointed as referee in the matter. Referee Grady subsequently conducted an evidentiary hearing and then filed his report in this court which included findings of fact, conclusions of law, and recommended discipline. Initially Birdsall appealed from the referee's report but then voluntarily dismissed that appeal. Accordingly, this matter is now before this court for review pursuant to SCR 22.17(2).

¶ 13. Because there is now no challenge to the referee's findings of fact, we will not discuss the referee's 58 separate findings in detail. Based on those findings of fact, the referee reached the following conclusions of law:

1.     The evidence supports a finding that Birdsall, as a party to a crime, aided and abetted [N.A.] in the act of bail jumping. Birdsall was well aware of the no contact provisions of the Circuit Court orders. [N.A.] informed him that he wanted to attend the meeting with his estranged wife. Birdsall then scheduled the meeting with [N.A.]

---

[4] Birdsall subsequently pled no contest to the amended charges and admitted to contempt of a court order under chapter 785, a non-criminal violation proscribed in Wis. Stat. § 940.48(2). Birdsall was sentenced to pay forfeitures totaling $2136 in order to make charitable contributions of $930 to separate domestic abuse programs. Pursuant to his plea agreement, after two years the case against Birdsall was reopened and on June 21, 2001, the charges against Birdsall were dismissed because he had committed no further violations during that two-year period.

which, from a practical standpoint, could not be concluded prior to [D.A.'s] arrival. Furthermore, the meeting with [N.A.] took place in a venue where [D.A.] was expected to arrive. By these actions, Birdsall committed a criminal act that reflects adversely on his honesty, trustworthiness or fitness as a lawyer in other respects, in violation of SCR 20:8.4(b).[5]

2.    The evidence further supports a finding that Birdsall assisted [N.A.] in conduct Birdsall knew was criminal. Birdsall was aware of the no contact provisions of the Circuit Court orders since he represented [N.A.] in these proceedings. [N.A.] informed Birdsall he wanted to attend the meeting with his estranged wife. Birdsall then scheduled the meeting with [N.A.] which, from a practical standpoint, could not be concluded prior to [D.A.'s] arrival. Finally, Birdsall, in effect, invited [N.A.] to participate in the meeting when he stated, "I think it is clearly more

---

[5] The criminal act the referee has referred to is the act of being a party to the crime of bail jumping, the offense for which Birdsall's client, N.A., was convicted. Birdsall himself was not specifically charged with that criminal offense but this court has in the past agreed with findings of referees that attorneys have committed criminal acts proscribed in SCR 20:8.4 even though the attorney has not been charged or convicted of a specific offense. *See e.g., In re Disciplinary Proceedings Against Broadnax,* 225 Wis. 2d 440, 591 N.W.2d 855 (1999) (use of cocaine construed as a criminal act); *In re Disciplinary Proceedings Against Sandy,* 200 Wis. 2d 529, 546 N.W.2d 876 (1996) (this court adopted referee's conclusion that attorney's use of cocaine with client constituted a criminal act under SCR 20:8.4(b)); *In re Disciplinary Proceedings Against Woodward,* 183 Wis. 2d 575, 515 N.W.2d 700 (1994) (attorney who gave client hacksaw blades was charged with aiding client in violation of her probation but the charges were later dismissed).

useful for you to be here." It is by these actions that Birdsall assisted [N.A.] in conduct that he knew was criminal in violation of SCR 20:1.2(d).

¶ 14. The record supports the referee's findings of fact and conclusions of law and we adopt them. And, as noted, Birdsall does not challenge them having voluntarily withdrawn his appeal.

¶ 15. With respect to the appropriate discipline to be recommended for Birdsall's professional misconduct, the referee rejected Birdsall's position that none was warranted or that at most, a private reprimand should be imposed. The referee rejected Birdsall's position writing: "Although a lawyer may have the duty to zealously defend his client and meet with a recanting witness, this duty cannot be elevated over the lawyer's duty to abide by the Rules of Professional Conduct."

¶ 16. The referee asserted that he would be inclined to recommend a 30–day license suspension as the appropriate discipline but he recognized that the minimum period for which an attorney's license may be suspended as discipline for misconduct is 60 days. *See In re Disciplinary Proceedings Against Schnitzler,* 140 Wis. 2d 574, 575, 412 N.W.2d 124 (1987). Because the referee was "uncomfortable" with suggesting a 60–day period of license suspension, he instead recommended that Attorney Birdsall be publicly reprimanded for his misconduct and that Birdsall pay all costs associated with this proceeding.

¶ 17. Although we are greatly troubled by Birdsall's misconduct in this matter and condemn it in the strongest terms possible, we nevertheless accept the referee's recommendation to publicly reprimand Birdsall for this misconduct. We caution him that engaging in similar behavior in the future on the theory that he

is simply "zealously" representing his client, will result in more stringent sanctions.

¶ 18. The lawyer regulation system in this state has been established to, among other things, "protect the public from misconduct by persons practicing law in Wisconsin." *See* Preamble to SCR Chapter 1. In imposing discipline for professional misconduct, this court considers several factors including: (1) the seriousness, nature and extent of the misconduct; (2) the level of discipline needed to protect the public, the courts and the legal system from repetition of the attorney's misconduct; (3) the need to impress upon the attorney the seriousness of the misconduct; and (4) the need to deter other attorneys from committing similar misconduct. *In re Disciplinary Proceedings Against Carroll,* 2001 WI 130, ¶ 40, 248 Wis. 2d 662, 636 N.W.2d 718.

¶ 19. Under all the circumstances of this case, including the fact that this is the first time Attorney Birdsall has been disciplined for professional misconduct, and the fact that only two counts of misconduct are involved, we conclude a public reprimand is the appropriate sanction to be imposed. We reiterate, however, our warning that this kind of misconduct cannot and will not be condoned.

¶ 20. IT IS ORDERED that Attorney John A. Birdsall is publicly reprimanded for his professional misconduct as determined in this matter.

¶ 21. IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney John A. Birdsall pay to the Office of Lawyer Regulation the costs of this proceeding as referenced above, provided that if the costs are not paid within the time specified and absent

a showing to this court of his inability to pay those costs within that time, the license of Attorney John A. Birdsall to practice law in Wisconsin shall be suspended until further order of this court.

¶ 22. SHIRLEY S. ABRAHAMSON, C.J., and LOUIS B. BUTLER, JR., J., did not participate.